**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4005

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NELSON ADIBE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:18-cr-00339-RDB-1)

Submitted:  October 20, 2022                           Decided:  November 3, 2022

Before KING and WYNN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF**:  Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant. Charles David Austin, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nelson Adibe seeks to appeal the 87-month sentence imposed on resentencing following his guilty plea to conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846.[*] Adibe's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Adibe's within-Guidelines sentence is reasonable. Adibe did not file a pro se supplemental brief after being notified of his right to do so. The Government has moved to dismiss the appeal as barred by Adibe's waiver of the right to appeal included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and Adibe has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the scope of the waiver. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Adibe does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable. Adibe's challenge to his sentence falls squarely within the waiver's scope, and we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly,

---

[*] Due to the procedural posture of this appeal, the validity of Adibe's guilty plea is not before the court. *See, e.g.*, *Edd Potter Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 39 F.4th 202, 210 (4th Cir. 2022) (discussing mandate rule).

we grant the Government's motion to dismiss Adibe's appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment.

This court requires that counsel inform Adibe, in writing, of the right to petition the Supreme Court of the United States for further review. If Adibe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Adibe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*